## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| DARRELL HARDIN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 4:19-CV-3138-NAB |
| ANNE L. PRECYTHE, et al., | ) ) ) |
| Defendants. | ) |

### OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon the motion of self-represented plaintiff Darrell Hardin for leave to commence this action without prepayment of the required filing fee. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and assess an initial partial filing fee of $15.70. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will issue service on defendants John Riley-Layton and Steven D. Brouk in their individual capacities, but will dismiss the claims brought against them in their official capacities. The Court will also dismiss plaintiff's claims against defendants Anne L. Precythe and Richard Jennings in their official capacities.

### Initial Partial Filing Fee

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly

1

payments of 20 percent of the preceding month's income credited to the prisoner's account.  28 U.S.C. § 1915(b)(2).  The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid.  *Id.*

In support of the instant motion, plaintiff Darrell Hardin submitted a copy of his certified inmate account statement.  (ECF No. 6).  A review of his account indicates an average monthly deposit of $78.50 and an average monthly balance of $6.79.  Plaintiff has insufficient funds to pay the entire filing fee.  Accordingly, the Court will assess an initial partial filing fee of $15.70, which is 20 percent of his average monthly deposit.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989).  An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense.  *Id*. at 679.  The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements."  *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

2

...
...

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules in order to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff is a self-represented litigant currently incarcerated at Moberly Correctional Center. On November 22, 2019, plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against Anne L. Precythe (Director); Richard Jennings (Warden); John Riley-Layton (Sergeant); and Steven D. Brouk (Correctional Officer). Plaintiff sued Layton and Brouk in their individual and official capacities, and Precythe and Jennings in their official capacities only.

Plaintiff's allegations are brief. He states that on January 11, 2018 he was assaulted by Layton and Brouk when he was incarcerated at Potosi Correctional Center ("PCC"). Plaintiff alleges that while he was in handcuffs, Layton "punched [him] in the face until [his] lip was busted, and [his] nose started bleeding." Plaintiff further alleges "Brouk hit [him] in the back causing [his] back to bleed and spazims [sic]."

Plaintiff attached the following documents to his Complaint: (1) Informal Resolution Request ("IRR"), dated February 28, 2018; (2) Informal Resolution Response, dated May 10,

3

2018; (2) (3) Offender Grievance, dated June 1, 2018; (4) Grievance Response, dated July 25, 2018; (5) Grievance Appeal Response, dated September 20, 2018; and (6) Offender Grievance Appeal, dated July 31, 2018.[1]  ECF No. 1-1.

These attachments reflect that plaintiff filed an IRR regarding the alleged assault by Layton and Brouk. Plaintiff's IRR states:

> On 1-11-18 I was called to the sally port to be taken to ad-seg.  Once I got there I was placed in cuffs.  I was escorted through the doors and brought back behind the doors.  At that moment the officer told me to face the wall and don't look at him. When I asked why he tryed [sic] to pull me off the wall, but when I didn't move he fell.  As he was getting up he pulled me to the floor. Once on the floor he got on my back and started hitting me as Sgt. Layton hit me in the face till [sic] I started bleeding.  Once I got to one house I was read a CDV for a 21 on 1-12-18.

ECF No. 1-1 at 2.

PCC denied plaintiff's IRR and issued a response, which states, in part:

> In contacting pertinent staff involved your claim has been vehemently disputed.  In reviewing the incident further it appears that there is more to the matter than simply a Use of Force. You initialized the event when you became argumentative and insulting towards staff.  When this matter was being addressed you continued with your insubordinate behavior which resulted in the appropriate amount of force approved at both the institutional and departmental levels.

ECF No. 1-1 at 1.  Plaintiff subsequently filed a grievance, which was denied because administrative review found "a necessary amount of force was utilized to maintain control and security of the area."  ECF No. 1-1 at 5.  Plaintiff filed an appeal, which was denied after the Missouri Department of Corrections reviewed "all documents, statements, video footage,

---

[1] In assessing whether an action is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B), courts may consider materials that are attached to the complaint as exhibits. *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011) (citations omitted), Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

descriptions of the type of force employed, [and] a description of injuries and treatments given." ECF No. 1-1 at 5.

Plaintiff seeks $60,000 in damages for the alleged assault.

## Discussion

### A.  Official Capacity Claims against Precythe, Jennings, Layton, and Brouk

Section 1983 provides that a person who, under color of state law, deprives an individual of his constitutional rights may be held liable for the deprivation. Bringing suit based on § 1983 against a government official (such as a prison correctional officer or warden) in his or her official capacity is the equivalent of bringing suit against the government entity that employs the official. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). In other words, the real party in interest in an official-capacity suit is not the named official, but the governmental entity. *Hafer v. Melo*, 502 U.S. 21, 25 (1991); *see also Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) ("A suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent"); *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016) (stating that a "plaintiff who sues public employees in their official . . . capacities sues only the public employer"). However, "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will*, 491 U.S. at 71. *See also Calzone v. Hawley*, 866 F.3d 866, 872 (8th Cir. 2017) (stating that a "suit for damages against a state official in his official capacity is a suit against the State, and the State is not a person under § 1983"). Moreover, in the absence of a waiver, the Eleventh Amendment bars suit against a state official acting in his or her official capacity. *Morstad v. Dep't of Corr. & Rehab.*, 147 F.3d 741, 744 (8th Cir. 1998).

Plaintiff alleges that defendants Precythe, Jennings, Layton, and Brouk are employed by the Missouri Department of Corrections. ECF No. 1 at 2-4. The Missouri Department of Corrections is a state agency of the State of Missouri. As noted above, plaintiff's official capacity claims against each defendant are really claims against that defendant's employer. As such, plaintiff's official capacity claims are actually claims against the State of Missouri. Such claims are barred because a state is not a "person" for purposes of § 1983, and because the Eleventh Amendment bars suits against state officials acting in their official capacity.

Therefore, plaintiff cannot maintain this action against the Missouri Department of Corrections defendants in their official capacities. For these reasons, the complaint is legally frivolous and fails to state a claim upon which relief can be granted as to Precythe, Jennings, Layton, and Brouk in their official capacities.

Even if plaintiff brought this action against Precythe and Jennings in their individual capacities, his allegations do not state a viable claim for relief against them because he does not allege that they were directly involved in or personally responsible for any incidents that allegedly deprived him of his constitutional rights. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (to be cognizable under § 1983, a claim must allege that the defendant was personally involved in or directly responsible for the incidents that deprived the plaintiff of his constitutional rights). *See also Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) (noting that general responsibility for supervising operations of a prison is insufficient to establish personal involvement required to support liability under § 1983); *Glick v. Sargent*, 696 F.2d 413, 415 (8th Cir. 1983) (warden must play a personal role in the disciplinary process; he cannot be held liable for the outcome of the

6

process); and *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (claims sounding in *respondeat superior* are not cognizable under 42 U.S.C. § 1983).  Plaintiff does not allege that Precythe or Jennings took any direct role in depriving him of his constitutional rights or had any personal involvement in the alleged assault.  Thus, the Court will dismiss Precythe and Jennings from this action.

### B.  Individual Capacity Claims against Layton and Brouk

Plaintiff's excessive force claims against defendants Layton and Brouk in their individual capacities are sufficient for purposes of initial review.  Plaintiff states that he is a convicted and sentenced state prisoner.  (ECF No. 1 at 2).  As such, his excessive force claims are governed by the Eighth Amendment.  *See Burns v. Eaton*, 752 F.3d 1136, 1138 (8th Cir. 2014).

"'[T]he unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment.'"  *Hudson v. McMillian*, 503 U.S. 1, 9-10 (1992) (quoting *Whitley v. Albers*, 475 U.S. 312, 327 (1986)).  When a prison official is accused of using excessive physical force in violation of the Eighth Amendment, the core judicial inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  *Jackson v. Gutzmer*, 866 F.3d 969, 974 (8th Cir. 2017).  *See also Ward v. Smith*, 844 F.3d 717, 721 (8th Cir. 2016) ("Because the use of force is sometimes required in prison settings, guards are liable only if they are completely unjustified in using force, *i.e.*, they are using it maliciously and sadistically").  The factors to be considered in determining whether force was used in good faith include "the need for the application of force, the relationship between the need and the amount of force that was used, and the extent of injury inflicted."  *Whitley*, 475 U.S. at 321.

There is no "significant injury" requirement, because "[o]therwise, the Eighth Amendment would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury." *Hudson*, 503 U.S. 1 at 9.  Nevertheless, the "Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Id.* at 9-10 (holding that the blows directed at the plaintiff's mouth eyes, chest, and stomach, which caused bruises, swelling, loosened teeth, and a cracked dental plate, were not de minimis for Eighth Amendment purposes).

Here, plaintiff alleges that while he was handcuffed, Layton punched him in the face until his "lip was busted and [his] nose started bleeding."  After plaintiff was on the ground, he alleges Brouk hit him in the back causing him to bleed.  Plaintiff describes his injuries as a "busted nose and lip," a bruised back, and resulting spasms.  Plaintiff's IRR, dated January 19, 2018, states that the alleged assault occurred because plaintiff asked why he had to face the wall before he was taken to administrative segregation.  Plaintiff does not provide any other factual context for this incident.  However, for purposes of preservice review, the Court must accept as true all of plaintiff's factual allegations and afford him "all reasonable inferences that can be drawn from those allegations."  *See Jackson v. Nixon*, 747 F.3d 537, 540-41 (8th Cir. 2014); *Dadd v. Anoka Cty.*, 827 F.3d 749, 754 (8th Cir. 2016).  With that in mind, plaintiff's excessive force allegations against Layton and Brouk are sufficient for purposes of § 1915 review.  Accordingly, the Clerk of Court will be directed to serve process upon defendants Layton and Brouk in their individual capacities on plaintiff's claims of excessive force.

## Appointment of Counsel

Plaintiff has filed a motion to appoint counsel. (ECF No. 4). In civil cases, a self-represented litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013); *see also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that a self-represented litigant "has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the self-represented litigant to investigate the facts, the existence of conflicting testimony, and the ability of the self-represented litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After considering these factors, the Court finds that the appointment of counsel is unwarranted at this time. Plaintiff has demonstrated, at this point, that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be unduly complex. The Court will entertain future motions for appointment of counsel as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $15.70 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to

"Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue on the complaint, pursuant to the service agreement the Court maintains with the Missouri Attorney General's Office, as to defendants John Riley-Layton and Steven D. Brouk in their individual capacities as to plaintiff's claims of excessive force.

**IT IS FURTHER ORDERED** that plaintiff's claims brought against defendants Anne L. Precythe, Richard Jennings, John Riley-Layton and Steven D. Brouk, in their official capacities are **DISMISSED**.

**IT IS FURTHER ORDERED** that defendants Anne L. Precythe and Richard Jennings are **DISMISSED** from this action.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Appoint Counsel (ECF No. 4) is **DENIED** without prejudice.

An Order of Partial Dismissal will accompany this Memorandum and Order.

Dated this 22nd day of June, 2020.

                                                             HENRY EDWARD AUTREY
                                                             UNITED STATES DISTRICT JUDGE